UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL RAYON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:14-cv-00216-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## **INTRODUCTION**

Plaintiff Cheryl Rayon ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI, respectively, of the Social Security Act.[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe. Having carefully considered the parties' briefs, as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all further proceedings in this case before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 7, 9).

1

record and based upon proper legal standards. Accordingly, the Court affirms the Commissioner's determination.

## FACTS AND PRIOR PROCEEDINGS[2]

Plaintiff filed applications for disability insurance and supplemental security income benefits on January 11, 2010. AR 10. In both applications, Plaintiff alleged disability beginning on May 3, 2009. The Commissioner initially denied the claims on July 15, 2010, and upon reconsideration on September 16, 2010. AR 10. Plaintiff filed a timely request for a hearing. On February 14, 2012, Plaintiff, represented by Dennis Bromberg, testified at the hearing. AR 21. On March 16, 2012, Administrative Law Judge ("ALJ") Haubner denied Plaintiff's applications. AR 31. On January 7, 2014, the Appeals Council denied review. AR 1. This appeal followed.

### Hearing Testimony

ALJ Haubner held a hearing on February 14, 2012, in Fresno, California. AR 25-63. Plaintiff appeared and testified. AR 27. She was represented by attorney Dennis Bromberg. AR 27. Impartial Vocational Expert ("VE") Thomas Dachelet also appeared and testified. AR 27.

Plaintiff was born on April 18, 1962, and was forty-seven years old at the time of her hearing. AR 18. At five feet two inches tall, Plaintiff weighs 180 pounds and is right handed. AR 30, 42. Plaintiff lives alone in a first floor apartment. AR 34. Plaintiff completed tenth grade and later obtained a certified nursing assistant ("CNA") license. AR 31.

Plaintiff previously worked as an assembly worker, home support servicer, and nurse assistant. AR 48. Plaintiff alleges she has been unable to work since 2009 due to temporary paralysis from Guillian Barre, cervical and lumbar degenerative disk disease; pulmonary emboli; fibroid uterus, post hysterectomy; right foot, first, fourth and fifth dry gangrene; renal failure; panic disorder; high blood pressure; and iron deficiency, post hospitalization. AR 31, 56-57.

As a result of her condition, Plaintiff contends she can stand for thirty minutes, sit for an hour, and walk a block. AR 32. The most she can lift is ten pounds. AR 32. She must elevate her feet or lay

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1  down for a total of five hours during an eight hour period, and at most she can concentrate on
2  something for a couple of hours at a time. AR 33. Plaintiff cannot bend or stoop at the waist. AR 33.

3  When asked about her daily activities, Plaintiff testified that she is able to care for her own
4  personal needs and feed herself. AR 35. She requires help once a week from her niece getting in and
5  out of the bathtub when bathing. AR 35. Plaintiff does not drive, rides the bus twice a week, and walks
6  to the store once a week. AR 34. She uses a cane and a walker every day. AR 59. She is able to
7  prepare simple meals once every day. AR 36. Plaintiff performs household chores such as washing
8  dishes and emptying the trash once a day, sweeping once a week, cleaning her bathroom and kitchen
9  once a week, mopping twice a week, and grocery shopping and doing laundry at a laundromat once a
10 month. AR 36-37. She shops for non-grocery items approximately five times a year. AR 38. Plaintiff
11 visits her son four times a year. AR 39. She watches television for twelve hours a day and does
12 crossword puzzles for two hours a day, for forty-five minutes at a time. AR 41. Plaintiff uses a
13 computer once a day for an hour. AR 41.

14 Thereafter, the ALJ elicited the testimony of VE Dachelet. AR 44. The VE testified that
15 Plaintiff performed work as an assembly worker, unskilled light, home support services, and nurse
16 assistant or CNA, both semi-skilled medium. AR 48. The ALJ asked VE Dachelet hypothetical
17 questions contemplating an individual of the same age, education, language, and work background as
18 Plaintiff. AR 49. The first hypothetical contemplated an individual that was moderately limited in the
19 ability to understand, remember and carry out detailed instructions; moderately limited in the ability to
20 interact appropriately with the general public; retains the ability to understand simple directions; can
21 sustain concentration and complete simple tasking; and able to relate and adapt to simple chances in
22 the work place. AR 49. The VE testified that this person could perform assembly work and the full
23 world of sedentary through very heavy work. AR 49.

24 In a second hypothetical question, the ALJ asked the VE to consider the same individual
25 except that this person was not limited in the ability to adequately perform one-to-two step tasks or
26 more complex tasks; moderately impaired in the ability to accept instructions from supervisors and
27 interact with coworkers and the public; moderately impaired in the ability to perform work activities
28 on a consistent basis for additional instructions; not impaired in the ability to maintain regular

attendance in the workplace or to complete a normal workday; and moderately impaired in the ability to deal with usual stress in a competitive workplace. AR 50. The VE testified that this person could perform assembly work and in home support services, as well as the full range of unskilled work, sedentary through very heavy. AR 50-51.

In a third hypothetical question, the ALJ asked the VE to consider the same individual except that this person can lift and carry fifty pounds occasionally, twenty-five pounds frequently; stand, sit, and walk six hours out of an eight hour workday; must periodically alternate sitting and standing; has unlimited ability to push and pull; and needs to periodically stand and stretch for a couple of minutes out of every hour. AR 51. The VE testified that this person could perform all past relevant work and all sedentary through medium unskilled work. AR 52.

In a fourth hypothetical question, the ALJ asked the VE to consider the same individual except that this person could stand and walk for eight hours in an eight-hour day with fifteen minute rest per period; sit without limitation; lift twenty-five pounds frequently, fifty pounds occasionally. AR 53. This person has no postural, manipulative or environmental limitations and does not need an assistive device. AR 53. The VE testified that this person could perform all past relevant work and all sedentary through medium unskilled work. AR 54.

Finally, the ALJ asked the VE to consider the same individual except that this person was limited to the Plaintiff's testimony. AR 54. The VE testified that there were no jobs which could be performed with those limitations. AR 54.

**Medical Record**

The entire medical record was reviewed by the Court. AR 303-741. The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 7-19. More particularly, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2010, and Plaintiff had not engaged in any substantial gainful activity since May 3, 2009. AR 12. Further, the ALJ identified obesity, history of Guillain-Barre syndrome in August 2010, history of

4

stroke, fibroid uterus status-post hysterectomy in 2011, cervical and lumbar degenerative disc disease, pulmonary embolism with pulmonary infarction in May 2009, cirrhosis status-post dry gangrene in the right first, fourth, and fifth toes in May 2009, history of renal failure in May 2009, and panic disorder as severe impairments. AR 12. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments.  AR 13.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and carry fifty pounds occasionally and twenty-five pounds frequently; stand or walk for six hours in an eight hour day; and sit for six hours in an eight hour day. AR 14. Plaintiff must periodically alternate sitting and standing, such that when sitting she can periodically stand and stretch for a couple of minutes every hour as needed. AR 14. She is moderately limited in the ability to understand, remember, and carry out detailed instructions, and moderately limited in the ability to interact appropriately with the public. AR 14. Plaintiff can sustain concentration and complete a simple task, and she is able to relate and adapt to simple changes in a work place. AR 14. The ALJ found that Plaintiff is able to perform past relevant work as an assembly worker. AR 18. Alternatively, the ALJ found that Plaintiff could perform a significant number of jobs that exist in the national economy, including the world of medium, light, and sedentary work. AR 18-19. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act.  AR 19.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.,*

*Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the decision if the ALJ applied the proper legal standards and made findings supported by substantial evidence. *Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 2002).

## DISABILITY STANDARD

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of no less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant bears the burden of proof to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In her opening brief, Plaintiff contends that the ALJ erred (1) in evaluating the medical evidence; and (2) in finding her past work as substantial gainful activity. (Doc. 19 at 2).

## DISCUSSION[3]

### 1. The ALJ Properly Evaluated the Medical Opinion Testimony

Plaintiff challenges the ALJ's disability finding for failing to evaluate non-examining physician Dr. Nawar's opinion in the decision. (Doc. 19 at 9). According to Plaintiff, the ALJ committed reversible error by ignoring the opinion of Dr. Nawar in evaluating Plaintiff's occupational limitations. The Commissioner contends, however, that the ALJ properly considered the weight of the medical evidence and the opinions of the examining physician and other reviewing physicians. (Doc. 21 at 3). Based on a review of the record, the Court concludes that the ALJ adequately evaluated the medical record, and reasonably relied on the opinions of examining physician Dr. Nowlan and the

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

other reviewing physicians Drs. Ginsburg and Linder. AR 15-18. These independent physicians' opinions were consistent with the medical record, which demonstrated that Plaintiff could perform a restricted range of medium work. AR 15-18. Alternatively, the Court finds that any error committed by the ALJ in failing to mention Dr. Nawar's opinion was harmless.

### A. Legal Standards

Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007). *See also*, 20 C.F.R. § 404.1527(c)(1)-(2); *see also*, 20 C.F.R. § 416.927(c)(1)-(2).

Accordingly, the findings of non-examining, consulting physicians do not bind the ALJ and will only be weighed insofar as they are supported by evidence in the case record. 20 C.F.R. § 404.1527(f)(2)(i); 20 C.F.R. § 416.927(f)(2)(i); Social Security Ruling ("SSR") 96-6p. However, because State agency consultants are highly qualified and experts in Social Security disability law the ALJ is required to consider the findings of State agency physicians when making a disability determination. *See* 20 C.F.R. § 404.1527(f)(2)(i) (mandating that an ALJ is required to consider as opinion evidence the findings of State agency medical consultants; the ALJ is also required to explain in his decision the weight given to such opinions); *see also* 20 C.F.R. § 416.927(f)(2)(i). Moreover, in determining a claimant's RFC, if the ALJ's "assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p. An ALJ "may reject the opinion of a nonexamining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

///

///

### B. Physician Opinion Evidence

#### i. Reviewing Physician Dr. Nawar

On September 21, 2009, Dr. Nawar reviewed Plaintiff's medical records. After reviewing the medical evidence and the record, he opined that Plaintiff could occasionally lift or carry twenty pounds and ten pounds frequently. AR 305. Plaintiff could stand or walk at least two hours and sit about six hours in an eight hour workday. AR 305. Plaintiff could occasionally operate foot controls with the right foot and occasionally climb ramps and stairs, but never balance on ladders, ropes, and scaffolds. AR 305-306. Plaintiff was limited to avoiding concentrated exposure to hazards such as machinery, heights, and uneven terrain. AR 307. Dr. Nawar's primary diagnosis was dry gangrene in the right foot toes. AR 304. Based on his review, Dr. Nawar assessed a "light RFC ?" at the conclusion of his report. AR 310.

#### ii. Examining Physician Dr. Nowlan

Examining internist James A. Nowlan, Jr., M.D., examined Plaintiff on May 12, 2010. AR 320-323. Plaintiff reported high blood pressure, edema of her feet and legs, fibroid uterus, and multiple pulmonary emboli in the past. AR 320. Plaintiff told Dr. Nowlan that she stays home because of her condition but she is able to go shopping with help, and she can do some cooking. AR 320. Plaintiff reported that walking for thirty minutes or longer and lying down at night causes her shortness of breath. AR 16.

Upon Dr. Nowlan's examination, Plaintiff walked slowly but with no limp. AR 321. Plaintiff's chest and lungs were clear to auscultation bilaterally, and she had regular cardiovascular rate and rhythm without murmurs. AR 321. Plaintiff's liver was down five centimeters from the costal margin, and her spleen was four centimeters down from the costal margin and quite firm. AR 321. Dr. Nowlan felt a large, hard mass in Plaintiff's lower abdomen, midline, ten centimeters in diameter. AR 321. Plaintiff's coordination, station, and gait were okay. AR 321. Plaintiff could not walk on her heels and toes. AR 322. She could squat to ninety degrees and while supine could raise her leg straight to ninety degrees with no pain. AR 322. She had pitting edema of both legs, trace to the knees. AR 322. Plaintiff

had normal muscle bulk and tone, and her motor strength was 5/5 throughout the bilateral upper and lower extremities. AR 322. Plaintiff did not use an assistive device. AR 322.

Dr. Nowlan diagnosed Plaintiff with history of pulmonary emboli, cirrhosis, fibroid uterus, and hypertension. AR 323. Dr. Nowlan opined that Plaintiff could walk and stand for eight hours in an eight-hour day with about fifteen minutes rest per hour. AR 323. Plaintiff could sit without limitation. AR 323. She could lift and carry fifty pounds occasionally and twenty-five pounds frequently. AR 323. Plaintiff did not require an assistive device. AR 323. Dr. Nowlan noted that there were no other postural, manipulative, or environmental limitations. AR 323.

The ALJ found that based on Dr. Nowlan's limitations, Plaintiff's had the RFC to perform medium work with a rest from standing every hour. AR 16. The ALJ also determined that Dr. Nowlan's opinion was consistent with the limits imposed by the other reviewing physicians and Plaintiff's overall RFC assessment. AR 16, 18.

### iii.     Reviewing Physician Dr. Ginsburg

On July 15, 2010, reviewing physician Dr. B. Ginsburg performed a medical assessment of Plaintiff's RFC. AR 348-353. After reviewing the treatment evidence and the record, he opined that Plaintiff could occasionally lift fifty pounds and frequently lift twenty-five pounds. AR 349. Plaintiff could sit, stand, and walk for about six hours in an eight-hour workday but must periodically alternate sitting and standing to relieve pain and discomfort. AR 349. Plaintiff had no limitations on pushing or pulling, including the operation of hand and foot controls, or any other established limitations. AR 349. Dr. Ginsburg opined that his conclusions about Plaintiff's RFC limitations were not significantly different from those of Dr. Nowlan. AR 353.

The ALJ found Dr. Ginsburg's opinion consistent with the medium work limitations imposed by Dr. Nowlan's opinion. AR 16. Further, the ALJ determined that Dr. Ginsburg's opinion was consistent with Plaintiff's RFC assessment. AR 18.

### iv.     Reviewing Physician Dr. Linder

On September 10, 2010, reviewing physician Dr. J. Linder performed a case analysis review of Plaintiff's RFC. AR 545-46. After reviewing the treatment evidence and the record, Dr. Linder

affirmed the RFC determination at medium. AR 546. The ALJ evaluated Dr. Linder's opinion in the same manner as Dr. Ginsburg's opinion. AR 16, 18.

### C. The ALJ Was Not Required to Discuss Every Piece of Medical Evidence

Plaintiff correctly identifies that the ALJ did not discuss the findings of reviewing physician Dr. Nawar in his decision. Accordingly, the ALJ effectively rejected Dr. Nawar's opinion by disregarding it and making a contrary finding. *See Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

The ALJ must detail in the decision the weight given to each medical opinion and explain using substantial evidence in the record why each finding is correct. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (reasoning that without good reasons given by the ALJ for the weight given to medical opinions in the notice of the decision, a reviewing court cannot determine whether the ALJ's decision is adequately supported). "However, in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotations omitted). Rather, the ALJ must detail "why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, the ALJ properly disregarded the reviewing opinion of Dr. Nawar as it was neither significant nor probative. The ALJ primarily relied on three medical opinions in his residual functional capacity finding including: examining physician Dr. Nowlan; and two state agency reviewing physicians, Drs. Ginsburg and Linder. AR 16-18. All three physicians offered very similar residual functional capacity assessments. In relevant part, all physicians opined Plaintiff had relatively normal findings and could perform, at a minimum, medium work. AR 16-18. While only Dr. Nawar limited Plaintiff to a potentially "light RFC?," Dr. Nawar nonetheless still opined that Plaintiff could perform light work. AR 310. Plaintiff has not shown that the ALJ's rejection of the "light RFC?" assessed by Dr. Nawar altered the ultimate disability determination. *See Summers v. Astrue*, 2011 WL 1211860, 2011 U.S. Dist. LEXIS 157001, (C.D. Cal. 2011) ("An ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination").

The Court is additionally mindful of authority that, as a general matter, a more recent medical opinion may have more probative value than an older opinion about a claimant's abilities. *See, e.g., Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986); *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985); *see also Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Accordingly, it was reasonable for the ALJ to adopt the opinion of Dr. Nowlan who examined Plaintiff nearly a year after Dr. Nawar's preliminary review. Further, in disability proceedings, an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). Thus, the ALJ reasonably gave greater weight to the more recent opinions of Drs. Nowlan, Ginsburg, and Linder's, which assessed functional limitations that were consistent with a restricted range of medium work. AR 16, 323, 353, 545. Moreover, even if the ALJ erred by failing to specifically explain why he rejected Dr. Nawar's opinion, such error was harmless, because conflicting physician testimony would constitute substantial evidence to reject Dr. Nawar's opinion. *See, Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). Viewing the record as a whole indicates there was substantial, objective clinical evidence for medium occupational limitations. Accordingly, any error in the ALJ's failure to discuss the additional reviewing physician's opinion is supported by substantial evidence and harmless.

**2. The ALJ's Step Four Finding is Harmless Error in Light of the Alternate Step Five Findings**

Second, Plaintiff argues that the ALJ erred at step four in finding her work as an assembler was past relevant work. Plaintiff contends that her previous work as an assembler was not performed at the substantially gainful level. (Doc. 19 at 10). The Commissioner contends, however, that the ALJ could reasonably find Plaintiff's work as an assembler was substantial gainful activity and qualified as past relevant work, but even if it did not, the ALJ made an alternate finding at step five that Plaintiff could perform other jobs. (Doc. 21 at 4). Plaintiff does not challenge the ALJ's step five findings.

At step four, the claimant bears the burden of showing that she does not have the RFC to engage in "past relevant work" 20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e); *Tackett v. Apfel*, 180

11

F.3d 1094, 1098 (9th Cir. 1999). Work experience is considered relevant if done within the last fifteen years, lasted long enough for claimant to learn it, and involved substantial gainful activity. 20 C.F.R. § 404.1565; 20 C.F.R. § 416.965; *Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001). If claimant can perform her past relevant work, then she is not disabled. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e); *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). If she cannot, or if she did not do past relevant work, then the ALJ moves to step five, in which the ALJ will determine if the claimant has the RFC to do other substantial gainful activity. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e); *Lewis*, 236 F.3d at 515.

"Substantial gainful activity is work activity that is both substantial and gainful." 20 C.F.R. § 404.1572; 20 C.F.R. § 416.72. Substantial and gainful activity is work done for pay or profit that involves significant mental or physical activities. 20 C.F.R. § 404.1572(a)(b); 20 C.F.R. § 416.72(a)(b). Work can be substantial activity "even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.72(a). Work is gainful activity "if it is the kind of work usually done for pay or profit, whether or not profit is realized." 20 C.F.R. § 404.1572(b); 20 C.F.R. § 416.72(b). Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity. 20 C.F.R. § 404.1574(b)(2); 20 C.F.R. § 416.974(b)(2).

Here, Plaintiff testified at the hearing held on February 14, 2012, that she worked as an assembler from 1998 to 2000. AR 46. Additionally, Plaintiff listed in her disability report that she worked as an assembly worker for "temp. agencies" from 1998 to the summer of 2000. AR 250. Plaintiff reported she worked eight hours a day, five days a week, and made nine dollars per hour. AR 250. The VE testified that Plaintiff's past relevant work was assembly worker, home service worker, and nursing assistant. AR 48. Based on Plaintiff's RFC, the VE testified that Plaintiff would be able to perform the job of assembly worker. AR 49-55. The VE further concluded that given Plaintiff's age, education, work experience, and RFC, she would be able to perform the world of medium, light, and sedentary work. AR 19, 49-55.

The Court finds that any error at step four is rendered harmless by the ALJ's step five findings, which are not challenged by Plaintiff. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ's erroneous step four finding that the claimant could return to past relevant work was harmless in light of the ALJ's alternative finding at step five that the claimant could still perform other work in the national and local economies); *Reynolds v. Astrue*, 252 Fed. Appx. 161, 165 (9th Cir. 2007) (ALJ's step four errors were harmless in light of the ALJ's RFC assessment and step five determination); *Baines v. Astrue*, 781 F.Supp.2d 228, 237-38 (D. Del. 2011) ("[e]rroneous step four findings can be rendered harmless by the identification of other work consistent with a plaintiff's RFC at step five").

The ALJ drew on the VE's testimony to determine at step five that Plaintiff could perform all the medium, light and sedentary occupations contemplated by the Medical Vocational Guideline Rules. AR 19, 49-55. Plaintiff does not argue that the ALJ's step five findings are inconsistent with Plaintiff's assessed RFC or are otherwise improper. Therefore, in light of the ALJ's step five finding, the Court will not disturb the Commissioner's determination that Plaintiff is not disabled.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Cheryl Rayon.

IT IS SO ORDERED.

Dated:   **July 27, 2015**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE